```
                              United States Bankruptcy Court
                                 Northern District of Ohio
In re:                                                               Case No. 18-12621-jps
Joel L. Cotton
Constance L. Cotton                                                  Chapter 13
         Debtors
                                     CERTIFICATE OF NOTICE
District/off: 0647-1          User: pzeho                 Page 1 of 1              Date Rcvd: Sep 24, 2018
                              Form ID: pdf703             Total Noticed: 19
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2018.
```
db/db          +Joel L. Cotton,    Constance L. Cotton,    374 South Lake Street,    Amherst, OH 44001-2070
25428980        Angela D. Kirk, Esq.,    Manley Deas Kochalski LLC,    PO Box 165028,    Columbus, OH 43216-5028
25428981      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court:   Brand Source/citi Cbna,    50 Northwest Point Road,
                 Elk Grove Village, IL 60007)
25486462       +Fifth Third Mortgage Company,    5001 Kingsley Drive,    1MOBBW,    Cincinnati, OH 45227-1114
25428985       +Marathon Petroleum Co,    PO Box 1,    Findlay, OH 45839-7836
25445013        Nissan - Infiniti LT,    POB 660366,    Dallas, TX 75266-0366
25428986       +Nissan Motor Accept Corp/Infin,     Attn: Bankruptcy,    Po Box 660360,    Dallas, TX 75266-0360
25428987       +Nissan Motor Accept Corp/Infinity,     Attn: Bankruptcy,    Po Box 660360,    Dallas, TX 75266-0360
25428988       +Nissan Motor Acceptance Corp/Infin,     Attn: Bankruptcy,    Po Box 660360,
                 Dallas, TX 75266-0360
25428989       +North American Credit Services,    2810 Walker Rd,    Chattanooga, TN 37421-1082
25428991       +Partners for Payment Relief,    c/o Daniel O. Barham, Esq.,    Barham Legal LLC,    2644 Kull Road,
                 Lancaster, OH 43130-7707
25428992       +Partners for Payment Relief DE IV, LLC,    920 Cassatt Rd., Suite 210,    Berwyn, PA 19312-1178
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
25428982       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 24 2018 23:18:19     Capital One,
                 Attn: Gen Corresp/Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
25428983        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 24 2018 23:21:15     Comenity Bank,
                 PO Box 182273,    Columbus, OH 43218-2273
25428984       +E-mail/Text: collectionbankruptcies.bancorp@53.com Sep 24 2018 23:22:50     Fifth Third Bank,
                 Fifth Third Bank Bankruptcy Dept,    1830 E Paris Ave Se,    Grand Rapids, MI 49546-8803
25530666       +E-mail/Text: bankruptcydpt@mcmcg.com Sep 24 2018 23:21:58     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
25474301        E-mail/PDF: cbp@onemainfinancial.com Sep 24 2018 23:18:12     OneMain,    P.O. Box 3251,
                 Evansville, IN. 47731-3251
25428990       +E-mail/PDF: cbp@onemainfinancial.com Sep 24 2018 23:17:43     OneMain Financial,
                 Attn: Bankruptcy Department,    601 Nw 2nd St #300,    Evansville, IN 47708-1013
25532931        E-mail/Text: bnc-quantum@quantum3group.com Sep 24 2018 23:21:30
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Fifth Third Mortgage Company
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2018 at the address(es) listed below:
```
              Jeffrey H. Weir, II    on behalf of Debtor Joel L. Cotton jeffreyweirlaw@gmail.com
              Jeffrey H. Weir, II    on behalf of Debtor Constance L. Cotton jeffreyweirlaw@gmail.com
              Lauren A. Helbling     ch13trustee@ch13cleve.com, lhelbling13@ecf.epiqsystems.com
              LeAnn E. Covey    on behalf of Creditor   Fifth Third Mortgage Company bknotice@clunkhoose.com
                                                                                             TOTAL: 4
```

IT IS SO ORDERED.

Dated: 24 September, 2018 12:37 PM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In re: Joel L. Cotton ) Case No. 18-12621
       Constance L. Cotton ) Chapter 13 Proceedings
          Debtors ) Judge Jessica E. Price Smith

## CONFIRMATION ORDER

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. A copy of such plan, together with the applicable amendments or modifications (the "Plan"), is attached to this Order. Based upon the papers filed in this case, information presented by the Chapter 13 Trustee ("Trustee") and such other matters, if any, presented by the Debtor or Debtors ("Debtor"), Debtors' counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.

2. The Plan complies with applicable requirements of 11 U.S.C. §§ 1322 and 1325.

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed.

2. The Debtors shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtors' employer.

3. The Debtors shall not incur additional debt exceeding $1,000 in the aggregate without notice to the Trustee and the approval of the Court.

4. The Debtors shall not transfer any interest in real property without the approval of the Court.

5. Unless the Plan provides otherwise in Part 2.3 or Part 8, the Debtors shall pay over to the Trustee each year during the pendency of the case any and all federal income tax refunds. The Debtors may retain from any federal income tax refund either $1,000 from a single tax return ($2,000 from a joint tax return) or the sum of any earned income tax credit and child tax credits, whichever is greater.

6. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtors by reason of this Confirmation Order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.

7. After confirmation of the Plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney's fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in Part 3.1; (iv) monthly payments on mortgage arrearages as provided for in Part 3.1 and monthly payments on claims as provided for in Parts 3.2, 3.3, 3.4 and, if so specified, Part 6.1 (if no fixed payment on an executory contract arrearage is specified, then the arrearage will be paid on a pro rata basis); (v) payments to priority creditors as provided for in Part 4, to be made on a pro rata basis; and (vi) general unsecured claims.

8. Any creditor seeking to file an unsecured deficiency claim as a result of collateral surrendered in Part 3.5 must do so no later than 90 days after this Confirmation Order is entered. If the collateral has not been liquidated, the deficiency claim is to be estimated.

9. The attorney for the Debtors is allowed a fee of $3,000.00, of which $400.00 has been paid. The balance of $2,600.00 shall be paid by the Trustee from the monies received under the Plan over 12 months, unless a longer period is needed because the plan payment is too small to allow for payment over 12 months.

10. The administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. §§ 503(b) and 1326(b)(2) and 28 U.S.C. § 586(e)(1)(B).

11. If the case is dismissed by the Court or by the Debtors under 11 U.S.C. § 1307, all funds remaining in the hands of the Trustee at the time of dismissal shall be paid to the Chapter 13 creditors pursuant to the terms of the Plan. If the case is converted to Chapter 7 under 11 U.S.C. § 1307, all funds remaining in the hands of the Trustee at the time of conversion shall be returned to the Debtors after deducting the Trustee's authorized percentage fee.

12. A debtor may request entry of an order declaring that a secured claim has been satisfied and that the lien has been released under the terms of the confirmed plan by filing and serving a motion under Bankruptcy Rule 5009(d), generally at the time the case is being closed. See 2017 Committee Note to Bankruptcy Rule 5009(d).

By submitting this form, the Trustee certifies that the wording of this form is identical in all respects to the form confirmation order adopted by Judge Harris and Judge Price Smith in a Memorandum dated January 17, 2018.

Submitted by:
/S/ Lauren A. Helbling
LAUREN A. HELBLING (#0038934)
Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13trustee@ch13cleve.com

## SERVICE LIST

Lauren A. Helbling, Chapter 13 Trustee
(served via ECF)

Office of the U.S. Trustee
(served via ECF)

Jeffrey H Weir II, Attorney for Debtors
(served via ECF)

Constance L. & Joel L. Cotton, Debtors
374 South Lake Street
Amherst OH 44001

###

| Debtor 1 | Joel L. Cotton | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | Constance L. Cotton | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**

Case number: **18-12621**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
## Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ■ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$222.09** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

Check all that apply:
- ■ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**EXHIBIT A**

**2.3 Income tax refunds.**
Check one.

| Debtor | Joel L. Cotton | Case number | 18-12621 |
|---|---|---|---|
| | Constance L. Cotton | | |

- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ■ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

### 2.4 Additional payments.
Check one.
- ■ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $13,325.40.

## Part 3: Treatment of Secured Claims

3.1 Maintenance of payments and cure of default, if any.

Check one.
- ☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Fifth Third Bank | 374 South Lake Street Amherst, OH 44001 Lorain County PPN 05-00-004-105-003 | $954.33 Disbursed by: ☐ Trustee ■ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- ■ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 Secured claims excluded from 11 U.S.C. § 506.

Check one.
- ■ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 Lien avoidance.

Check one.
- ☐ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked*

Debtor  Joel L. Cotton  
       Constance L. Cotton  
Case number  18-12621

■ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor** | a. Amount of lien | $21,905.44 | Amount of secured claim after avoidance (line a minus line f) |
| **Partners for Payment Relief** | b. Amount of all other liens | $140,458.00 | |
| | c. Value of claimed exemptions | $250,000.00 | |
| **Collateral**<br>374 South Lake Street<br>Amherst, OH 44001 Lorain County<br>PPN 05-00-004-105-003 | d. Total of adding lines a, b, and c | $412,363.44 | Interest rate (if applicable)<br>% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number)<br>**Agreement** | e. Value of debtor(s)' interest in property | -$125,000.00 | Monthly plan payment on secured claim |
| 9/2006 | f. Subtract line e from line d. | $287,363.44 | |
| | Extent of exemption impairment<br>*(Check applicable box):*<br>■ Line f is equal to or greater than line a.<br>    The entire lien is avoided *(Do not complete the next column)*<br>☐ Line f is less than line a.<br>    A portion of the lien is avoided. *(Complete the next column)* | | Estimated total payments on secured claim |

*Insert additional claims as needed.*

**3.5**    **Surrender of collateral.**

    *Check one.*

    ■ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4: Treatment of Fees and Priority Claims**

**4.1**    **General**

    Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

    Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**1,332.60**.

**4.3**    **Attorney's fees.**

    The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,000.00**.

**4.4**    Priority claims other than attorney's fees and those treated in § 4.5.

    *Check one.*

| Debtor | Joel L. Cotton | Case number | 18-12621 |
|---|---|---|---|
| | Constance L. Cotton | | |

- ■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ■ The sum of $ **8,992.80** .
- ■ **17.00** % of the total amount of these claims, an estimated payment of $ **8,992.80** .
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*
- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ■ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Nissan Motor Accept Corp/Infinity | Lease | $335.11<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | | $0.00 |
| Nissan Motor Accept Corp/Infinity | Lease | $254.59<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | | $0.00 |

Debtor   Joel L. Cotton                                    Case number   18-12621
         Constance L. Cotton

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1**   Property of the estate will vest in the debtor(s) upon
          *Check the appliable box:*
          ■  plan confirmation.
          ☐  entry of discharge.
          ☐  other: _____

## Part 8: Nonstandard Plan Provisions

**8.1**   Check "None" or List Nonstandard Plan Provisions
          ■  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1**   Signatures of Debtor(s) and Debtor(s)' Attorney
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   /s/ Joel L. Cotton                              X   /s/ Constance L. Cotton
    Joel L. Cotton                                      Constance L. Cotton
    Signature of Debtor 1                               Signature of Debtor 2

    Executed on   **July 20, 2018**                     Executed on   **July 20, 2018**

X   /s/ Jeffrey H. Weir II                          Date   **July 20, 2018**
    Jeffrey H. Weir II
    Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor   **Joel L. Cotton**  
         **Constance L. Cotton**                                            Case number   **18-12621**

### Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $4,332.60 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $8,992.80 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | **$13,325.40** |

Official Form 113                    Chapter 13 Plan                                    Page 6  
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

18-12621-jps    Doc 37-1    FILED 07/20/18    ENTERED 07/20/18 11:42:59    Page 6 of 6  
18-12621-jps    Doc 52    FILED 09/26/18    ENTERED 09/27/18 00:23:58    Page 11 of 11